Filed 3/20/15  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076468 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F5925) |
| v. | |
| MICHAEL SHANE MARTINEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Shane Martinez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)—count 1) and possession of injecting/smoking device (Health & Saf. Code, § 11364.1—count 2), and was alleged to have three prior prison terms within the

1

meaning of Penal Code section 667.5, subdivision (b). The court bifurcated the trial on the prior prison enhancements at defendant's request. Prior to trial, defendant pleaded no contest to possession of an injecting/smoking device. Accordingly, the court granted defendant's motion in limine to exclude evidence of the methamphetamine pipe and marijuana found in the vehicle as well as defendant's plea to count 2. Defendant also moved in limine to preclude admission of "evidence of his poverty," relying on *People v. Wilson* (1992) 3 Cal.4th 926 (*Wilson*).[1] The trial court denied this motion, finding that the evidence of defendant's homelessness was not being offered solely to prove motive but "may be relevant to prove other factors involved in the case."[2]  The evidence adduced at trial was that the victim left his car in the parking lot at his place of employment before his shift began at 5:00 p.m. on August 28, 2013. The car, a green 1993 Ford Escort, was "pretty beat up," and the passenger side window had been broken out some months earlier. The victim left the car unlocked and took his keys with him. Some hours later, at about 1:00 a.m., the victim noticed his car was missing from the parking lot. He reported the theft to the police, who issued a "be-on-the-lookout" broadcast for the victim's car. At about 4:00 a.m., an officer was in a Walmart parking lot and spotted the victim's car. A few minutes later, the officer saw defendant get in the

---

[1]  There, the Supreme Court held that "[e]vidence of a defendant's poverty or indebtedness generally is inadmissible to establish motive to commit robbery or theft, because reliance on poverty alone as evidence of motive is deemed unfair to the defendant, and the probative value of such evidence is considered outweighed by the risk of prejudice. [Citations.] Under certain circumstances, however, evidence of poverty or indebtedness may be relevant and admissible for limited purposes, such as to refute a defendant's claim that he did not commit the robbery because he did not need the money. [Citation.]" (*Wilson*, *supra*, 3 Cal.4th at p. 939.)

[2]  Defendant's homelessness was used as motive, because defendant admitted it was his motive. But to the extent it was error to admit evidence of defendant's homelessness, the error is harmless in light of the overwhelming evidence provided by defendant's admission.

2

car and attempt to start it. The officer approached and detained defendant for being in a stolen vehicle. After being read his *Miranda* rights,[3] defendant admitted he did not know whose car it was; he had seen the car with its window down and keys inside, and he decided to take it because he was homeless and he could. Defendant stowed his personal belongings in the car and drove the car to a Walmart because he knew it was open and he "needed a place to hang out." An officer contacted the victim, who went to the Walmart parking lot and identified his car. The victim also noted the ignition had been modified so that it could be turned with any key. The victim did not know defendant or give defendant permission to drive his car.

The jury found defendant guilty of unlawful driving or taking of a vehicle, and following a court trial, the trial court found the prior prison term enhancements true. The trial court sentenced defendant to an aggregate term of six years in county jail for unlawful driving or taking of a vehicle (the upper term of three years plus an additional one year for each prior prison enhancement), and six months in county jail, to be served concurrently, for possession of an injecting/smoking device. The trial court further ordered the sentence to be split such that defendant would spend three years in county jail, with execution of the remaining sentence suspended, and be placed on supervised probation for three years. The trial court also ordered defendant to pay statutory fines and fees.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] (*Miranda*).

3

received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                           RAYE                , P. J.


We concur:


         BLEASE         , J.


         MURRAY        , J.